IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MINNIE HOBBS**                                                                                      **PLAINTIFF**

Vs.                                              **5:12-cv-00240 JWC**

**SOCIAL SECURITY ADMINISTRATION**                                       **DEFENDANT**

# OPINION

Plaintiff, Minnie Hobbs, seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits and for supplemental security income benefits.[1] Judicial review of the Commissioner's denial of benefits examines whether the decision is based on legal error and whether the findings of fact are supported by substantial evidence in the record as a whole. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009); see 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Wiese*, 552 F.3d at 730. In its review, the Court must consider evidence supporting the Commissioner's decision as well as evidence detracting from it.  Id.  That the Court would have reached a different conclusion is not a sufficient basis for reversal; rather, if it is

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (doc.11)

possible to draw two inconsistent conclusions from the evidence and one of these conclusions represents the Commissioner's findings, the denial of benefits must be affirmed. Id.

Plaintiff was fifty years of age on July 20, 2010, the date of her hearing before an Administrative Law Judge (ALJ). She has a tenth grade education and alleges a disability onset date of January 6, 2009. The ALJ rendered an unfavorable opinion on November 22, 2010, which has become the final opinion of the Commissioner.

The ALJ conducted the required step analysis, finding severe impairments of hypertension, degenerative disc disease, arthritis, diabetes mellitus - type II, and residuals of a gunshot wound to the left lung. He concluded his analysis at step four, finding Plaintiff had the residual functional capacity (RFC) to perform the full range of light work (which requires that the worker be able to lift 20 pounds occasionally, 10 pounds frequently, and stand or walk up to 6 hours in an 8 hour workday), and further finding that Plaintiff was capable of performing her past relevant work as a shoe examiner, housekeeper and press operator.

Plaintiff raises two arguments for reversal. First, that the Appeals Council should have obtained an updated medical opinion as to whether her impairments met or equaled a step three listing, and second, that the ALJ's RFC findings are not supported by substantial evidence.

**The Listings Argument-Step Three of the Analysis**

Following the unfavorable decision by the ALJ, Plaintiff submitted additional medical evidence to the Appeals Council, consisting of a treatment record from Ferguson Rural Health Clinic dated January 7, 2011. [2] The health care provider was Carma Shumake, APN.  Plaintiff argues that this report triggered an obligation for the Council to obtain an updated medical expert opinion pursuant to SSR 96-6p.  Plaintiff says the report was new and material evidence supporting the proposition that Plaintiff's lumbar spine problems met or were medically equivalent to the requirements of listing 1.04 of the Commissioner's listing of medical impairments.

Plaintiff's counsel properly raised this issue in the administrative proceedings.  Plaintiff's brief includes an accurate statement of applicable law and regulations and an accurate review of relevant medical evidence concerning Plaintiff's back condition.

The parties agree that in order for a claimant to be found disabled at step three on the basis of a medical listing, all elements of the listing must be met or it must be shown that there is medical equivalency.  At this step, Plaintiff has the burden of establishing her claim.  It is apparent from the medical evidence available to the ALJ, that two elements of the listing were missing.  Namely,

---

[2] Exhibit 15F, page 4.  Transcript p.335.

limitation of motion of the spine and a positive straight-leg raising test. Consultative examiner Dr. David Lee Webber, in an examination on April 8, 2009, found a normal range of motion in Plaintiff's spine and reported that a strait-leg raising test was negative. [3]

The ruling in question, SSR 96-6p, provides that the Appeals Council must obtain an updated medical opinion from a medical expert when additional medical evidence is received that in the opinion of the Council may change the opinion that the impairment is not equivalent in severity to any impairment in the listings. Plaintiff argues that the evidence submitted meets that test.

The evidence in question is a note of an office visit on January 7, 2011, to the Ferguson Rural Health Clinic, and the provider is Carma Shumake, APN, who is a nurse practitioner. Ms. Shumake reviewed Plaintiff's medical history and conducted a physical examination, but there is no mention of testing for range of motion of the spine or strait-leg raising. Ms. Shumake noted that Plaintiff complained of back pain, that she had numbness and tingling which "comes and goes" (there is no mention of where on the body this occurred), and that she reported she had lost bladder control on two occasions. There is also a cryptic reference to "give-way weakness (in lower ext.)," without further explanation. Ms.

---

[3] Exhibit 10F. He also found reflexes to be normal, and that there was no muscle weakness or atrophy. He did find that Plaintiff could not heel or toe walk.

Shumate noted that Plaintiff denied muscle weakness and myalgias. Her neurological exam revealed normal reflexes, intact sensation and that there was no ataxia or unsteadiness in Plaintiff's gait. As stated just above, she did note "give-way weakness." Under "Plan," Ms. Shumate notes, "appt with uams spine ctr asap." [4] However, there is no record of any follow up with UAMS.

It is recognized that the negative strait-leg raising test and examination by Dr. Webber had been done in April 2009, some year and eight months earlier, but that is not reason enough to find that the Appeals Council should have sought an updated medical opinion merely on the basis of a reported office visit to an APN who did not mention any testing and who relied on Plaintiff's subjective complaints only.

The Council's opinion was evidently that the report was not sufficient to change the finding that Plaintiff's lumbar impairments were not the equivalent in severity to the impairments listed in 1.04. Given the nature and content of the report, that conclusion is justified. It may be that a subsequent examination by UAMS or other medical providers would change the picture, but that would relate to a period later than the relevant time period involved in the current claim, and would properly be the subject of a subsequent filing.

## The RFC Finding

---

[4] Exhibit 15F, page 4.

Plaintiff argues under this point that the ALJ's RFC finding that Plaintiff was capable of a full range of light work is inconsistent with the opinion of a state agency non-examining physician in that the physician determined that Plaintiff could only occasionally climb, balance, stoop kneel, crouch or crawl; i.e., that the physician found her capable of less than the full range of light work.

It is important to note that the physician's review did not state that Plaintiff was incapable of these postural movements, but only that she could perform them only occasionally. There is no evidence in the record that this limitation would preclude Plaintiff from performing her past relevant work. More importantly, as the Commissioner argues, the ALJ considered that opinion, but also considered the other medical evidence of record and Plaintiff's initially reported daily activities, which report conflicted to some degree with her hearing testimony. The ALJ had sufficient evidence to discount the postural limitations noted in the Physical Residual Functional Capacity Assessment dated April 27, 2009, and to find Plaintiff capable of the full range of light work.

Plaintiff's argument that the hypothetical to the Vocational Expert was flawed because it did not include all of her impairments cannot prevail because, as Defendant argues, the response to the hypothetical was irrelevant. The analysis ended at step four, so the hypothetical question and response has no bearing on the outcome of the case.

**Conclusion**

The Court finds that the ALJ's decision is supported by substantial evidence and there is no legal error.  Therefore, this case must be dismissed with prejudice.

IT IS SO ORDERED this <u>4th</u> day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE